**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH BROWN-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:03CV1295-DJS |
| | ) | |
| SUPERINTENDENT JANET SCHNIEDER, | ) | |
| LT. CARMEN McKAY, C.O.II DELARM, | ) | |
| C.O.I WALKER, C.O.I HURD, and | ) | |
| C.O.II BARKER, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The pro se plaintiff filed the instant complaint pursuant to 42 U.S.C. §1983 alleging that certain of the correctional officials and officers named as defendants committed violations of plaintiff's constitutional rights. The complaint alleges that plaintiff was a parolee on work release status under the supervision of the St. Louis Community Release Center ("SLCRC"), at which all the defendants were employed. The claims against defendants McKay, Walker and Hurd have been dismissed without prejudice for lack of timely service of process and plaintiff's failure to comply with a Court order.[1] Now before the Court is a summary judgment motion filed by remaining defendants Schnieder, DeLarm and Barker.

---

[1] See Order of Partial Dismissal [Doc. #19] dated July 7, 2004.

The complaint alleges that defendant McKay charged plaintiff with a false misconduct report, and that McKay charged plaintiff with a second misconduct violation for insulting behavior when plaintiff asserted that the first report was false. Plaintiff further alleges that, in the same interview concerning the violation reports, defendant McKay threatened to kill plaintiff, and that defendants DeLarm, Walker, Hurd and Barker were all present and merely laughed about and failed to report McKay's threat to plaintiff. As a result of McKay's charges, plaintiff asserts that he was terminated from the work release program. Although the complaint alleges that an institutional investigation requested by plaintiff concluded in his favor, plaintiff was returned to confinement and his release delayed until he was again placed at SLCRC.

Count 1 against Superintendent Schneider is based on her "acquiescence, tacit consent & overall sanctioning of the rampant [abuse] of authority" among her subordinate staff, in violation of plaintiff's substantive and procedural due process rights. Complaint [Doc. #1], p.3A(8). Count 2 is directed against Lt. McKay, and so has been earlier dismissed. Count 3 is asserted against defendants DeLarm, Hurd, Walker & Barker for their failure to report the abusive conduct of Lt. McKay, in violation of state law, namely R.S.Mo. §217.405 and §217.410. This claim remains pending only as against DeLarm and Barker.

2

The unopposed motion for summary judgment establishes, by the affidavits and other materials submitted in support, that defendant Schneider is entitled to judgment as a matter of law for the reasons set forth in the motion and memorandum. Among these reasons is plaintiff's failure to offer evidence to support the finding necessary for his Count 1, namely that Superintendent Schnieder exhibited deliberate indifference or tacit authorization of unlawful acts by failing to take remedial steps following notice of a pattern of such acts by her subordinates. <u>Wilson v. North Little Rock</u>, 801 F.2d 316, 322 (8th Cir. 1986); <u>Clay v. Conlee</u>, 815 F.2d 1164, 1170 (8th Cir. 1987). Individual liability of government officials under §1983 must be predicated on "a causal connection between the misconduct complained of and the official sued." <u>Harris v. Pirch</u>, 677 F.2d 681, 685 (8th Cir. 1982), quoted with approval in <u>Wilson v. City of North Little Rock</u>, 801 F.2d 316, 322 (8th Cir. 1986). Supervisory personnel are not liable absent "direct responsibility for the improper action" or "personal involvement of the officer being sued." <u>Harris</u>, 677 F.2d at 685 (citations omitted).

Superintendent Schneider is not shown to have been personally involved in, or aware of, any violations of plaintiff's constitutional rights. Schneider's affidavit attests that in approving the recommendation of subordinate supervisory staff that plaintiff be terminated from the work release program, Schneider acted on her belief that plaintiff's conduct warranted such

termination and that she had no information suggesting the charged conduct violation was false. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Under these principles and in view of plaintiff's failure to respond to the evidence supporting defendants' summary judgment motion, Schneider is entitled to judgment as a matter of law. Having thus disposed of the federal claim asserted in Count 1, the Court will decline to exercise supplemental jurisdiction over the remaining state law claim in Count 3. See 28 U.S.C. §1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary of remaining defendants Schnieder, DeLarm and Barker [Doc. #23] is granted.


Dated this   25th   day of May, 2005.


                                    /s/Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE